449 P.2d 938

**STATE of Arizona, Appellee,**

v.

**Robert Lee JENNINGS, Appellant.**

**No. 1861.**

Supreme Court of Arizona.

In Banc.

Feb. 4, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, then Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

For Former Opinion See 104 Ariz. 3, 448 P.2d 59.

ON REHEARING

McFARLAND, Justice.

Defendant Robert Lee Jennings, hereinafter referred to as defendant, was charged with and entered his plea of guilty to the following crimes: Cause No. 50896, possessing a forged promissory note or bank bill, with a prior conviction, and was sentenced to a term of not less than fifteen nor more than twenty years in the Arizona State Penitentiary to run concurrently with the sentence imposed in Cause No. 51994; Cause No. 52138, grand theft, with a prior conviction, and was sentenced to serve not less than fifteen nor more than twenty years to run concurrently with Cause No. 51994; Cause No. 51159, receiving stolen property, with a prior conviction, and was sentenced to a term of not less than fifteen nor more than twenty years to run concurrently with Cause No. 51994; and all

**160**

three sentences to commence on July 17, 1967.

 Defendant contends that the sentences under all three were excessive and should be reduced. The sentences under Cause No. 50896 and Cause No. 52138 are within the limitations of the statute. We have frequently held that in such cases the penalty fixed in the discretion of the trial court will not be revised unless it clearly appears that the sentence imposed is excessive resulting in the abuse of a discretion. State v. White, 102 Ariz. 162, 426 P.2d 796; State v. Rubio, 95 Ariz. 1, 385 P.2d 1017; State v. Corrales, 95 Ariz. 401, 391 P.2d 563. The record in the instant case does not justify such a finding.

However, we agree with the contention of the petitioner that the sentence in Cause No. 51159 is in excess of the penalty provided by statute and grant the motion for reconsideration for the purpose of making this correction. The charge to which defendant entered his plea of guilty under § 13–621, A.R.S., was a felony for which this particular statute does not fix the penalty. Section 13–1645, A.R.S., provides that except where a different punishment is prescribed, a felony is punishable by imprisonment in the state penitentiary not exceeding five years. However, where the defendant has been previously convicted of an "offense punishable by imprisonment in the state prison," as Jennings has, § 13–1649, subsec. A, A.R.S., provides for an increased punishment.

"2. If for an offense punishable for a first conviction by imprisonment not exceeding five years, by imprisonment in the state prison for not to exceed ten years."

This Court is given authority under § 13–1717, A.R.S., to modify a sentence where the sentence is excessive. Under this authority the sentence in Cause No. 51159 is modified to read:

"It is the sentence of this court that you be imprisoned in the State Prison of Florence for a period of not less than five nor more than ten years to run concurrently with sentence imposed in Cause No. 51994, Cause No. 50896 and Cause No. 52138, and commencing on July 17, 1967" (the date fixed by the trial court).

Judgment and sentence under Cause No. 51159 affirmed as modified. Judgments and sentences under Cause No. 50896 and Cause No. 52138 affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.

NOTE: Justice JACK D. H. HAYS did not participate in the decision in this case.