THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARLEY LEE NICHOLS, Defendant-Appellant.

Second District    No. 2—83—0178

Opinion filed May 21, 1986.—Rehearing denied June 19, 1986.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Harley Lee Nichols was indicted in the circuit court of Kendall County on two counts of unlawful possession of a controlled substance with intent to deliver, 82—CF—84 (cocaine) and 82—CF—85 (lysergic acid diethylamide (LSD)). (Ill. Rev. Stat. 1981, ch. 56½, pars. 1401(a)(2), 1401(a)(7).) A jury found the defendant guilty on both counts and the trial court sentenced him to concurrent terms of 30 years on both counts and assessed fines of $200,000 for the cocaine conviction and $80,000 for the LSD conviction.

In the course of execution of a search warrant issued for the defendant's residence in Oswego on August 18, 1982, a number of keys were recovered from the pocket of defendant's blue jeans. Other items seized from the den area of the defendant's residence were a balance scale, razor blades, a plastic grinder, brown glass bottles, glass beakers, and a book on cocaine. After investigation, it was discovered that two of the keys were for safety deposit box F-9 at the Merchants National Bank in Aurora. A search of box F-9 pursuant to warrant yielded several bags containing suspected controlled substances, and field tests revealed the possible presence of cocaine and LSD. Subsequent tests confirmed the bags contained a total of 713 grams of pure cocaine and approximately 8,000 "microdots" (tablets) of LSD.

On appeal these issues are presented: (1) whether the appeal should be dismissed in light of defendant's appeal waivers; (2)

whether venue and possession were proved; (3) whether certain evidence admitted denied defendant a fair trial; (4) whether the fines imposed must be vacated on the basis section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) has been impliedly repealed or is unconstitutional; (5) whether the fines should be reduced because the court abused its discretion in imposing them; (6) whether the defendant is entitled to custody time credit for the period of time between his arrest and sentencing; and (7) whether two convictions for possession of controlled substances (cocaine and LSD) can stand where the evidence adduced indicated simultaneous possession.

■ The State concedes the latter two issues. The State concurs in defendant's argument that he is entitled to $670 credit against his fine because he was incarcerated for 134 days. (Ill. Rev. Stat. 1981, ch. 38, par. 110—14; *People v. Stevens* (1984), 125 Ill. App. 3d 516.) The State indicates there is nothing in the record to show that the circuit court informed the defendant of his right to apply for such credit. Therefore, the defendant is entitled to make application to the clerk of the court for credit of $670 against his fine. *People v. Young* (1981), 96 Ill. App. 3d 634.

■ The State also agrees that simultaneous possession of more than one type of a controlled substance by the defendant constitutes but a single offense for which there can be only one conviction. (*People v. Manning* (1978), 71 Ill. 2d 132.) Both offenses for which defendant was convicted, possession with intent to deliver more than 30 grams of cocaine, and possession with intent to deliver more than 15 grams of LSD, are Class X felonies. (Ill. Rev. Stat. 1983, ch. 56½, pars. 1401(a)(2), (a)(7).) We therefore vacate the defendant's conviction and sentence under the count charging possession with intent to deliver more than 15 grams of LSD.

■ As part of a negotiated plea agreement in his contemporaneous prosecution for narcotics racketeering (trial court No. 82—CF—68), the defendant agreed to waive his right to appeal his instant convictions for unlawful possession with intent to deliver cocaine and LSD. (Trial court Nos. 82—CF—84 (cocaine) and 82—CF—85 (LSD).) His signed waivers appear in the respective common law records.

The State contends the defendant is estopped from maintaining the instant appeal by virtue of those waivers. The contention is a reassertion of one of the bases set forth in its previously filed motion to dismiss the defendant's appeal. The defendant was given leave to respond, and the State's motion, first ordered to be taken with the case by one panel, was later denied by another panel of this court. In reply

to the State's estoppel contention, the defendant asserts, without citation of authority, that this court's denial of the motion to dismiss must be considered *res judicata* on the matter.

In fact, rulings on such motions made in the reviewing court are not unassailable, and are open to reconsideration. (94 Ill. 2d R. 361; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 187; *Mt. Vernon Girl Scout Council v. Girl Scouts of United States of America* (1965), 55 Ill. App. 2d 443, 448 (supplemental opinion).) In each of those cases, the court dismissed the appeal after reconsideration of its earlier denial of the motion to dismiss.

In *Schwind,* the court held that a denial of a motion to dismiss an appeal does not preclude a subsequent dismissal on the same grounds suggested in the motion based upon a plenary consideration of the briefs, arguments of counsel, and trial record. (*Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 187.) Similarly, in *Mt. Vernon,* the court dismissed the appeal after reconsidering its earlier denial of the motion to dismiss.

■■ Upon full consideration of the motions, briefs, and record at bar, we believe that the dismissal of the instant appeal is supported by the law and the record.

The case of *People v. Fearing* (1982), 110 Ill. App. 3d 643, is controlling. The defendant in *Fearing* was tried and convicted by a jury of burglary and felony theft. The defendant entered into a plea agreement, which the court accepted, involving those two convictions and six other charges then pending against him which arose from his escape from custody while awaiting trial. Pursuant to the agreement, the defendant pleaded guilty to one of the six charges, escape, and was sentenced to six years' imprisonment, to be served consecutively to his concurrent terms of three and two years' imprisonment for his burglary and theft convictions. Also pursuant to the agreement, the defendant was ordered to pay costs in both cases, the State dismissed the five remaining charges pending against him and, finally, the defendant waived his right to appeal his convictions for burglary and theft. When he later filed an appeal in contravention of the terms of the agreement, the State moved for its dismissal and the motion was taken with the case. Noting the importance, wide use, and utility of plea bargaining in the criminal justice system, the court determined that dismissal of the appeal would keep the total agreement intact, thereby fostering the policies which underlie plea bargaining. The court concluded that unless the defendant could show that the agreement not to appeal was made involuntarily or unintelligently or suffered from some similar infirmity, it was enforceable.

The use of appeal waivers as consideration in the context of plea bargaining, although perhaps not a widespread practice, has been found valid in more jurisdictions than not (see Annot., 89 A.L.R.3d 864 (1979)), and their use as a means of securing mitigation in the grade of the offense or severity of the sentence is suggested in the ABA Standards as an alternative to be considered by a defense counsel (ABA Standards for the Administration of Justice; Illinois Compliance, Criminal Appeals, section 2.2(C), at 247 (1974); *cf. United States v. Sledd* (N.D. Ill. 1983), 575 F. Supp. 578 (rather than appealing, defendant waived his right to appeal by choosing to cooperate with government in order to obtain a reduction in sentence)).

In the case at hand, defendant's *pro se* notice of appeal was not timely filed, and his appellate defender's motion for leave to file a late notice of appeal was granted concurrently with this court's denial of the State's motion to dismiss. The other matters addressed by way of motion prior to this appeal being placed on the call were undoubtedly precipitated in the first instance by the defendant's appeal waivers. We note that there was no ruling on the defendant's motion filed in the trial court to vacate his sentences on his cocaine and LSD possession convictions. Vacation of the sentences was sought in order to afford defendant's trial counsel an opportunity to file and to have a hearing on a post-trial motion; somewhat unusually, only 19 days had elapsed between the court's entry of the judgment on the jury's verdicts on December 10, and defendant's sentencing on December 29. Ordinarily, the delay between judgment and sentencing is longer than 30 days, during which time period the presentence report is prepared and the defendant files his post-trial motion pursuant to section 116— 1 or section 116—2 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, pars. 116—1, 116—2.) Apparently as a consequence of defendant's waiver of his right to appeal, his motion to vacate sentence was never ruled on, and no post-trial motion was ever filed.

With reference once again to *People v. Fearing,* the court there agreed with the defendant's claim that because the appeal waiver operates much like a guilty plea in that it insulates the convictions from review, the defendant should be admonished what specific rights are being waived by such an appeal waiver. After reviewing the record of the entry of the defendant's plea there, the court concluded the judge did fully admonish the defendant concerning the appeal waiver and accordingly concluded he knowingly and voluntarily waived his right to appeal. (*People v. Fearing* (1982), 110 Ill. App. 3d 643.) After reviewing the trial judge's admonishments to the defendant in the case

at hand, we reach the same conclusion. The trial judge's appeal waiver admonishments to the defendant were exemplary in their clarity and scope.

In his response to the State's motion, the defendant contends that because he "is presently preparing to attack" by way of post-conviction petition the plea entered by him on the narcotics racketeering charge, the instant appeal waivers "cannot be viewed as final until said post-conviction proceeding is resolved." To the contrary, however, we believe the appeal waivers must be considered valid and enforceable at least *until* such time as the guilty plea is set aside.

Defendant's response provides no clue as to his grounds for bringing the proposed post-conviction petition. When the appellate defender was appointed in the instant appeal, on March 3, 1983, the court remarked it believed defendant's *pro se* notice of appeal was contrary to the terms of his plea agreement. Pertinent here, the court further noted that the defendant had also filed a motion to withdraw his guilty plea to narcotics racketeering. Defendant makes no reference regarding what relief, if any, he may have obtained on direct review. Clearly issues which have been or could have been raised in the trial court or on direct appeal are precluded from further review by way of post-conviction petition. (*People v. Gaines* (1984), 105 Ill. 2d 79; *People v. Patton* (1984), 122 Ill. App. 3d 46; Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) In any event, the plea had not been set aside at the time the defendant filed his responsive pleading in the instant cause and, importantly, as in *People v. Fearing* (1982), 110 Ill. App. 3d 643, 645, no question is presented here as to the defendant's right to challenge the voluntariness of his plea.

Considering that when, or if, the post-conviction petition was filed is not known and that any final judgment entered on such petition could itself be reviewed (Ill. Rev. Stat. 1983, ch. 38, par. 122—7), any relief to be gained by the defendant by virtue of his post-conviction petition is speculative and remote.

In his motion for leave to file late notice of appeal pursuant to Supreme Court Rule 606(c) (87 Ill. 2d R. 606(c)), it is explained that timely notice of appeal was not filed due only to the fact the defendant had signed appeal waivers. "After reconsidering his situation," however, defendant decided "to submit various contentions of error in causes 82—CF—84 and 85 for review." At the time the motion to file late notice of appeal was filed, this court had ordered that the State's motion to dismiss be taken with the case, and defendant alleged leave should be granted "at least for the purpose of litigating the validity of the waiver of his right to appeal." When leave to file late notice was

granted on June 23, the court concurrently denied the State's motion to dismiss. As discussed above, the State's motion merits reconsideration and, for the reasons set forth above, is resolved in the State's favor.

For the reasons set forth above, the judgment of the circuit court of Kendall County in case No. 82—CF—85, the conviction for unlawful possession of a controlled substance (lysergic acid diethylamide) with intent to deliver, is vacated. In case No. 82—CF—84, the defendant is directed to make application for credit in the amount of $670 upon the fine imposed therein, and the clerk of the circuit court, upon receipt of said application, is directed to credit the defendant for said amount upon the fine imposed therein.

The balance of the matters appealed from are hereby dismissed pursuant to the appeal waiver executed by the defendant in trial court case No. 82—CF—68.

Vacated in part and appeal dismissed in part.

SCHNAKE and STROUSE, JJ., concur.