PEOPLE v RODRIGUEZ

Docket No. 138082. Submitted October 16, 1991, at Lansing. Decided November 18, 1991, at 9:10 A.M.

Sylvia Rodriguez was charged in the Gratiot Circuit Court with receiving and concealing stolen property with a value in excess of $100. The court, Randy L. Tahvonen, J., rejected a plea agreement that would have allowed the defendant instead to plead guilty of attempted receiving and concealing stolen property with a value in excess of $100 in exchange for waiver of her constitutional right to appeal, while reserving her right to appeal by leave granted and her right as an indigent to appellate counsel at public expense. The people appealed by leave granted.

The Court of Appeals *held:*

A defendant may voluntarily and knowingly waive the constitutional right to appeal a guilty plea conviction and sentence while reserving the right to apply for leave to appeal and the right to appointed counsel, when indigent, in exchange for charging or sentencing concessions.

Before a trial court may accept a plea of guilty conditioned upon the defendant's waiver of the right to appeal, the court must determine that the waiver is voluntary, knowing, and intelligent and whether the agreement includes a waiver of the right to appeal the defendant's sentence as well as the conviction and, if so, whether the defendant understands and agrees. To determine whether the waiver meets these requirements, the court must consider all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience, and background of the defendant.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Mark A. Gates,* Prosecuting Attorney, for the people.

*Stewart D. McDonald,* for the defendant.

Amicus Curiae:

State Appellate Defender and Michigan Appellate Assigned Counsel System (by *Norris J. Thomas, Jr.,* Chief Deputy Defender).

Oakland County Prosecutor (by *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney).

Criminal Defense Attorneys of Michigan (by *Joan Ellerbusch Morgan*), and *Harold Norris,* Professor of Law.

Prosecuting Attorneys Association of Michigan (by *Robert E. Weiss,* Genesee County Prosecutor, *John D. O'Hair,* Wayne County Prosecutor, and *George E. Ward,* Chief Assistant Wayne County Prosecutor).

Before: REILLY, P.J., and WEAVER and McDONALD, JJ.

McDONALD, J. The people appeal by leave granted from a February 5, 1991, order rejecting a plea agreement. We reverse.

Defendant Sylvia Rodriguez was charged with receiving and concealing stolen property with a value in excess of $100, MCL 750.535; MSA 28.803. Pursuant to a plea agreement reached by the prosecutor, defendant, and defense counsel, defendant attempted to plead guilty to an amended count of attempted receiving and concealing stolen property with a value in excess of $100, MCL 750.92; MSA 28.287, in exchange for dismissal of

the original count.[1] As part of the plea agreement, defendant agreed to waive her constitutional appeal of right, specifically reserving her right to appeal by leave granted, MCR 7.205, and her right as an indigent to appellate counsel at public expense. The trial court rejected the plea agreement, refusing to enforce the waiver. The court entered, with defendant's consent, an order rejecting the plea agreement and an order granting a stay of proceedings. In its order granting leave to appeal, the Court of Appeals invited interested associations to file appellate amicus curiae briefs.

The narrow issue we address on appeal is the validity of a defendant's waiver of the right to appeal from a guilty plea conviction and resulting sentence, while expressly reserving the right to appeal by leave granted and the right to appointed appellate counsel where indigent. We do not intend to express any opinion regarding the validity of waivers of the right to appeal from trial convictions.

There is no question that the Michigan Constitution affords every criminal defendant the right to appeal from a criminal conviction and sentence. Const 1963, art 1, § 20. The question to be answered is whether a defendant may waive this right in the context of guilty plea proceedings in exchange for charging or sentencing concessions.

The negotiation of plea agreements is a constitutionally accepted practice warranted not only by the absolute impossibility of trying the massive number of cases facing our law enforcement and judicial systems, but also because of the advantages the procedure affords both the defendant and the state. As our Supreme Court noted in *People v*

---

[1] Defendant's plea to the lesser charge of attempted receiving and concealing would result in the reduction of her maximum sentence from 5 to 2½ years' imprisonment. MCL 750.92; MSA 28.287.

*Killebrew,* 416 Mich 189, 197; 330 NW2d 834 (1982): "Given the prevalence of its use, it is not surprising that the Supreme Court of the United States has labeled plea bargaining 'an essential component of the administration of justice.' *Santobello v New York,* 404 US 257, 260; 92 S Ct 495; 30 L Ed 2d 427 (1971)." The procedure not only permits substantial conservation of prosecutorial and judicial resources, but it provides a means where, by mutual concessions, the parties may obtain a prompt resolution of criminal proceedings with all the benefits that enure from final disposition. It also enables the parties to avoid the delay and uncertainties of trial and appeal and permits swift punishment of the guilty with sentences tailored to the circumstances of the case at hand. See, generally, *Santobello, supra; Killebrew, supra; People v Seaberg,* 74 NY2d 1; 543 NYS2d 968 (1989).

The public interest concerns underlying plea agreements will generally be served by enforcing a waiver of the right to appeal under circumstances such as those presented in this case. We agree with the Washington Supreme Court that to pronounce invalid per se an agreement by a defendant to waive an appeal as of right would operate in many cases to reduce substantially the incentive of prosecutors to offer what particular defendants and their attorneys might regard as worthwhile inducements to forego that right. *State v Perkins,* 108 Wash 2d 212; 737 P2d 250 (1987). It stands to reason that a party to agreements voluntarily entered into, but consistently repudiated by means of appeal, might become wary of entering into such agreements.

We therefore conclude public policy considerations support the plea agreement process. In doing so, we recognize the procedure normally leads to

the entry of a guilty plea and that the process necessarily involves the surrender of many guaranteed rights, including the constitutional rights to a trial by jury and to confront witnesses. Const 1963, art 1, § 20; MCR 6.610 and 6.301.

Contrary to the position taken in a defense amicus curiae brief and the opinion of a panel of this Court in *People v Butler,* 43 Mich App 270; 204 NW2d 325 (1972), the Michigan constitutional right to appeal is not absolute. Like other constitutional or statutory rights, the right to appeal may be waived, whether by neglect or conscious choice. Not only does a defendant often forego exercise of the right to appeal by choice, but the right may be automatically lost by failing to file the requisite claim of appeal within the time constraints contained in MCR 7.204. Additionally, a defendant's action or inaction may result in the waiver of the right to appeal certain issues. For example, by virtue of pleading guilty, a defendant waives appellate review of all nonjurisdictional defects in the prosecution, *People v New,* 427 Mich 482; 398 NW2d 358 (1986). Likewise, most sentencing issues not first presented to the trial court are considered waived for purposes of appeal, *People v Wilson,* 159 Mich App 345; 406 NW2d 294 (1987), as are, in general, all issues raised for the first time on appeal and those issues arising from rulings to which a different or no objection at all was made at trial. *Bloemsma v Auto Club Ins Ass'n (After Remand),* 190 Mich App 686; 476 NW2d 487 (1991); *People v Redman,* 188 Mich App 516; 470 NW2d 676 (1991). In the case now being addressed, the waiver of defendant's right to appeal will result from her promise made as part of the plea agreement.

Any waiver of a constitutional right must be voluntary. *Brady v United States,* 397 US 742; 90

S Ct 1463; 25 L Ed 2d 747 (1970); *Killebrew, supra.*
Thus, before a trial court could accept a plea of
guilty conditioned upon a defendant's waiver of
the right to appeal, the court must determine if
the waiver is voluntary, knowing, and intelligent.
Further, the court must determine whether the
agreement includes a waiver of the right to appeal
the defendant's sentence as well as the conviction
and, if so, whether the defendant understands and
agrees. To determine whether the waiver meets
these requirements, the court must consider all
the relevant facts and circumstances surrounding
the waiver, including the nature and terms of the
agreement and the age, experience, and back-
ground of the defendant. *Johnson v Zerbst,* 304 US
458; 58 S Ct 1019; 82 L Ed 1461 (1938).

The trial court plays another important role in
cases such as the one presented here. Again con-
trary to the intimation contained in a defense
amicus curiae brief as well as in *Butler, supra,*
allowing defendants to waive their right to appeal
will not result in the insulation by the prosecution
of "guilty pleas accepted in contravention of stan-
dards which have been developed with painstaking
care to afford defendants their basic rights." *But-
ler* at 280. Adoption of this position ignores the
roles served by the trial court, prosecution, and
defense counsel in effectuating a guilty plea. In
such proceedings, the trial judge serves as a neu-
tral and detached party to the plea negotiations
and possesses an obligation to ensure that the
agreed-upon disposition will serve the interests of
justice. If the judge finds the agreement is not
tailored to reflect the particular circumstances of
the case or the offender, the judge may reject the
bargain. *Killebrew, supra.* Likewise, a prosecutor's
duty is not to enter into plea agreements at any

expense, but to see that justice is served. For those skeptical enough to suggest the trial court and prosecutor may simultaneously lose sight of their respective obligations, we add the protection afforded defendants by their attorneys. Somewhere we must give credit to defense attorneys and presume, especially given the importance we attach to a defendant's right to have an attorney's assistance, that the attorney will protect the defendant's interests, be those interests best served by preserving the right to appeal or waiving the same. We find ironic the notion that an accused may waive the constitutional right to counsel, the right against self-incrimination, and the right to be free from unreasonable searches while held in the oft-perceived coercive atmosphere of the police station, but may not stand with counsel in open court and waive the right to appeal.

Of course the most persuasive argument against the assertion that the waiver of a defendant's right to appeal will insulate improperly obtained or tainted convictions from review is that, in waiving the right to appeal from a guilty plea conviction, a defendant is not waiving all avenues of review. Agreements that are involuntarily or unintelligently made or suffer from other infirmities, i.e., where the court originally lacked jurisdiction of the defendant, the prosecution failed to uphold its portion of the agreement, a claim of ineffective assistance of counsel is made, or the sentence imposed falls outside the terms of the agreement or is otherwise invalid, may and should be challenged in the trial court. See MCR 6.310, 6.311, and 6.429. Should a defendant fail to receive the relief sought, an application for leave to appeal to this Court may be filed. MCR 7.205. A meritorious claim will be granted review by this Court and the

proper relief afforded.[2] Additionally, sentences imposed that are either disproportionate to the offense or the offender, *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), may also be appealed in this manner. Thus, allowing a defendant to waive his appeal as of right does not preclude him from obtaining appellate review of his sentence or conviction and relief therefrom when warranted.

We find the position espoused in *Butler, supra,* that the inclusion of the waiver of appeal in a plea agreement constitutes inherent coercion against the exercise of the right to appeal is at odds with the widely accepted underpinnings of the plea bargaining system. While it is an important right, the right to appeal is no more fundamental than the right to a jury trial, which a defendant may waive by pleading guilty as long as it is done knowingly and voluntarily. As the New Jersey Supreme Court succinctly stated:

> If the tender by the State of sentence and charge concessions in return for a plea of guilty does not *per se* chill the defendant's exercise of his right to contest his guilt at a trial rather than plead guilty . . . we fail to see the force of the "chill" argument when the defendant waives his right to appeal a conviction for similar concessions. [*State v Gibson*, 68 NJ 499, 510; 348 A2d 769 (1975).]

Although it is clear that a court may not properly negotiate a plea with a defendant or "place a price" on his right to appeal, neither situation arises where a defendant, with the participation of his attorney and the prosecutor, makes his own terms, understands them, and thereby brings an

---

[2] Given the unquestioned backlog of appeals pending in this Court, it is highly probable this procedure, handled first by motion, will afford a defendant quicker review of the claim.

end to a prosecution or trial, resolves separate outstanding indictments, or places a cap on his possible sentence.

We agree with the decisions in a majority of jurisdictions that suggest there is no affirmative public policy to be served in fostering appeals or prohibiting their waiver. Rather, we believe an important goal of public policy, in criminal as well as civil litigation, should be the final and prompt conclusion of litigation if the settlement is fair, free from oppressiveness, and sensitive to the interests of both the defendant and the people. *Seaberg* at 8 and citations contained therein.

Thus we conclude a defendant may voluntarily and knowingly waive the constitutional right to appeal a guilty plea conviction and sentence while reserving the right to apply for leave to appeal and the right to appointed appellate counsel when indigent, in exchange for charging or sentencing concessions.[3]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] For a review of other jurisdictions permitting the waiver of appeal for charging and sentencing concessions see *People v Seaberg,* 74 NY2d 1; 543 NYS2d 968 (1989); *People v Olson,* 216 Cal App 3d 601; 264 Cal Rptr 817 (1989); *People v Nichols,* 143 Ill App 3d 673; 493 NE2d 677 (1986); *State v Gallant,* 133 NH 138; 574 A2d 385 (1990); *State v Perkins,* 108 Wash 2d 212; 737 P2d 250 (1987).