851 P.2d 863

**STATE of Arizona, Appellee,**

v.

**Christopher W. WILSON, Appellant.**

**No. 1 CA–CR 92–1753.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 18, 1993.

Review Denied June 3, 1993.

Reconsideration Denied Feb. 18, 1993.

---

\* NOTE: The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

Grant J. Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

TOCI, Presiding Judge.

On November 20, 1992, this court entered an order dismissing this appeal because Christopher Wilson ("defendant") had entered into a probation violation agreement on October 27, 1992. Pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–4033(B) and Rules 17.1(e), 17.2(e), and 27.8(e), Rules of Criminal Procedure, 17

A.R.S., effective September 30, 1992,[1] defendants no longer enjoy a direct appeal from a plea agreement or probation violation admission. Defendant has filed a motion to reconsider that order. He argues that A.R.S. section 13–4033(B) violates article 2, section 24 of the Arizona Constitution, which gives to defendants "the right to appeal in all cases."

For the reasons stated below, we conclude that although the practice of requiring defendants to waive their right of appeal to avail themselves of the state's plea offer may be disagreeable, it does not violate Arizona's constitution. Furthermore, the defendant may seek review of his conviction and sentence pursuant to Rule 32, Arizona Rules of Criminal Procedure (post-conviction relief). Therefore, the motion to reconsider is denied.

### ISSUE

Do A.R.S. section 13–4033(B) and the accompanying Rules of Criminal Procedure, which require a waiver of the right to appeal as a consequence of a plea agreement or a probation violation agreement, violate the state constitution's guarantee of an appeal in all criminal cases?

### ANALYSIS

Article 2, section 24 of the Arizona Constitution guarantees to those accused in criminal prosecutions "the right to appeal in all cases." A.R.S. section 13–4033(B) states, "In non-capital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." Rules 17.2(e) and 27.8(e), Arizona Rules of Criminal Procedure, require the trial court to advise a defendant of this

---

**1.** *See 1992 Ariz.Legis.Serv.* No. 5 Ch. 184 (West); *1992 Ariz.Legis.Serv.* No. 4, Ct. Order 19 (West). *See also Ariz. Const. art.* 4, pt. 1, § 1(3) (non-emergency acts passed by the legislature are effective the 91st day after adjournment); *1992 Ariz.Legis.Serv.* No. 7 (West) (noting that the

Fortieth Legislature, Second Session, adjourned July 1, 1992); Supreme Court Order filed September 24, 1992, amending Court Order 19 (changing effective date of amendment of Rules 17.1(e), 17.2(e) and 27.8, from December 1, 1992, to September 30, 1992).

consequence prior to the entry of a plea or probation violation agreement.[2]

Many years ago, in *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), the United States Supreme Court established that a defendant may waive constitutional rights. The practice of waiving constitutional rights to avail oneself of the benefits of a plea offer was first recognized in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Citing to *Johnson v. Zerbst,* the *Boykin* court held that a defendant may waive constitutional rights if the waiver is an "intentional relinquishment or abandonment of a known right or privilege." 395 U.S. at 243 n. 5, 89 S.Ct. at 1712 n. 5; *see also State v. Jennings,* 104 Ariz. 3, 448 P.2d 59 (1969), *modified on other grounds,* 104 Ariz. 159, 449 P.2d 938 (1969). As we stated in *State v. Cumbo,* 9 Ariz.App. 253, 451 P.2d 333 (1969), "A person may waive his constitutional rights if he does so knowingly, intelligently, and voluntarily." *Id.* at 257, 451 P.2d 333, *citing Davis v. Dunbar,* 394 F.2d 754 (9th Cir.1968). Accordingly, in *State v. Stevens,* 173 Ariz. 494, 844 P.2d 661 (App.1992), this court assumed, without deciding, that the right of appeal could be waived.

Because it is settled that constitutional rights may be waived, the question is whether the Arizona Constitution's right to appeal is absolute. The court has neither been provided with nor found any compelling reason why the right of appeal, like other constitutional and statutory rights, cannot be waived. Whether by neglect or conscious choice, defendants often forego exercise of the right to appeal. Likewise, the right is lost by failing to timely file the requisite claim of appeal. *State v. Berry,* 133 Ariz. 264, 650 P.2d 1246 (App.1982). Additionally, a defendant's actions or inaction may result in the waiver of the right to

appeal certain issues. For example, by pleading guilty, a defendant waives appellate review of all nonjurisdictional defects. *State v. Crocker,* 163 Ariz. 516, 789 P.2d 186 (App.1990). Absent fundamental error, the failure to raise an issue before the trial court waives the right to raise the issue on appeal. *State v. Gendron,* 168 Ariz. 153, 812 P.2d 626 (1991). Similarly, issues concerning the plea agreement itself may not be considered on direct appeal. *State v. Georgeoff,* 163 Ariz. 434, 788 P.2d 1185 (1990). The *Georgeoff* court stated:

> The appellate process is taxed enough with the volume of cases that pose serious questions for resolution. It is an abuse of the process to clog an already crowded docket with appeals that could easily be resolved under the Rule 32 process.

[*Anderson,*] at 415, 773 P.2d at 974. In *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987), we specifically condemned the practice of raising an issue concerning a plea agreement for the first time on appeal.

*Georgeoff,* 163 Ariz. at 437–38, 788 P.2d at 1188–89, *quoting State v. Anderson,* 160 Ariz. 412, 773 P.2d 971 (1989).

Although defendant argues that the right of appeal cannot be waived because it is guaranteed by the constitution, defendant has not cited, and the court has not found, any case that holds that a constitutional right of appeal may not be waived. On the other hand, other jurisdictions have held that the right of appeal, whether statutory or constitutional, may be waived. *See People v. Seaberg,* 74 N.Y.2d 1, 543 N.Y.S.2d 968, 541 N.E.2d 1022 (1989) (right of appeal may be waived in plea bargain); *People v. Olson,* 216 Cal.App.3d 601, 264 Cal.Rptr. 817 (1989) (practice of requiring a

---

2. Rule 17.2 states in part that before accepting a plea of guilty or no contest, the court shall inform the defendant:

e. That by pleading guilty or no contest in a noncapital case the defendant will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32, and, if denied, a petition for review.

Rule 27.8 states in part that before accepting an admission by a probationer, the court shall determine that the defendant understands:

e. That by admitting a violation of a condition or regulation of probation, the probationer will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review.

waiver of appeal as element of plea bargain encouraged); *People v. Rodriguez,* 192 Mich.App. 1, 480 N.W.2d 287 (1992) (constitutional right of appeal not absolute and may be waived in plea bargain); *People v. Nichols,* 143 Ill.App.3d 673, 97 Ill.Dec. 870, 493 N.E.2d 677 (1986); *State v. Gallant,* 133 N.H. 138, 574 A.2d 385 (1990); *State v. Perkins,* 108 Wash.2d 212, 737 P.2d 250 (1987). Responding to defendant's arguments that the constitutional right to appeal was absolute, the Michigan court in *People v. Rodriguez,* 192 Mich.App. 1, 480 N.W.2d 287, 291 (1992), said:

> We find ironic the notion that an accused may waive the constitutional right to counsel, the right against self-incrimination, and the right to be free from unreasonable searches while held in the oft-perceived coercive atmosphere of the police station, but may not stand with counsel in open court and waive the right to appeal.

Furthermore, if defendant's argument was correct, plea bargaining would not be permissible. Without weighing the significance of individual constitutional rights, we note that article 2, section 23 of the State Constitution guarantees the right of trial by jury. In fact, the constitution states in part "the right of trial by jury shall remain inviolate." Yet, any time a defendant enters into a plea agreement, the right to a jury trial is waived. Although the right to appeal is an important right, it is no more fundamental than the right to a jury trial, the right to confront and cross-examine witnesses, and other constitutional rights, that a defendant may waive by pleading guilty as long as it is done knowingly and voluntarily.

Our conclusion is no less certain in light of *State v. Ethington,* 121 Ariz. 572, 573, 592 P.2d 768, 769 (1979), where the Arizona Supreme Court held that "public policy forbids a prosecutor from insulating himself from review by bargaining a defendant's appeal rights." The thrust of *Ethington* was that public policy prohibited the state from bargaining away a defendant's right of appeal and leaving the defendant with no further review. In this case, defendants still have the right to seek review by way of post-conviction relief and thus the concern in *Ethington* is not present here.

In this matter, defendant could have insisted on a probation revocation hearing and thereafter exercised his right of appeal. He chose not to, with full advice from the trial court, and hence relinquished his right to appeal. Although a required choice between asserting a constitutional right and accepting the state's offer may be difficult, it is not unconstitutional. *United States v. Montilla,* 870 F.2d 549, 553 (9th Cir.1989), *amended,* 907 F.2d 115 (9th Cir.1990).

> By its very nature a plea of guilty is a waiver of several constitutional rights, including the right against self-incrimination, and the right to confront accusers. Therefore, if the plea is valid, the waivers inherent therein are also valid.

*State v. Reynolds,* 106 Ariz. 47, 48, 470 P.2d 454, 455 (1970) (citation omitted). We thus conclude that the right to appeal, like any other constitutional right, may be waived.

CLABORNE and FIDEL, JJ., concur.