# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. McKenzie*, 2013 IL App (1st) 102925

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR McKENZIE, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-2925 |
| Filed | May 31, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's postconviction petition alleging that his plea agreement was void because it included a waiver of his appellate and postconviction rights was properly dismissed at the first stage, notwithstanding his contention that other states have found that such a waiver is against their public policy, since the Illinois Appellate Court has upheld such waivers for decades. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 99-CR-20952-53; the Hon. Evelyn B. Clay, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Todd T. McHenry, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Arthur McKenzie appeals from the summary dismissal of his postconviction petition at the first stage. His convictions and sentences are described in the Background section, below.

¶ 2    On this appeal, defendant's initial brief argued that his plea agreement was void because (1) it originally included a void sentence, in excess of the statutory maximum; and (2) it included a waiver of appellate and postconviction rights, which he asked us to find was void against public policy. However, in his reply brief, defendant "concedes that *People v. Donelson*, 2013 IL 113603, forecloses his first argument that his plea agreement is void solely on the basis that it included a void sentence." However, his reply brief stated that he "continues to maintain that the agreement is void because the appellate and postconviction waivers are against public policy."

¶ 3    First, although the plea agreement originally included a void sentence in excess of the statutory minimum, this sentence was subsequently reduced by the Illinois Supreme Court, in response to defendant's request to do so in his petition for leave to appeal. Second, although defendant argues that other states have found that a waiver of appellate and postconviction rights is against public policy, he acknowledges that the Appellate Court of Illinois has upheld this type of a waiver for decades. For the following reasons, we affirm.

¶ 4               BACKGROUND

¶ 5    Following a jury trial, defendant Arthur McKenzie was found guilty of first degree murder and sentenced to 60 years in the Illinois Department of Corrections (IDOC). He subsequently entered a negotiated plea of guilty to second degree murder in an unrelated case and was sentenced, pursuant to the agreement, to a consecutive term of 40 years in IDOC. As part of that plea, defendant agreed to waive his rights to appellate and postconviction relief in both cases.

¶ 6    Defendant's motion to vacate his guilty plea was denied by the trial court, and the appellate court dismissed defendant's appeal from that ruling. *People v. McKenzie*, No. 1-05-3821 (2008) (unpublished order under Supreme Court Rule 23). Defendant then filed a petition for leave to appeal to the Illinois Supreme Court in which he argued, among other things, that his 40-year sentence for second degree murder exceeded the statutory maximum by 10 years and that the supreme court had the power to reduce it pursuant to its supervisory authority. Defendant stated: "Even if this [Illinois Supreme] Court denies leave to appeal, therefore, it should exercise its supervisory authority and order that McKenzie's sentence be reduced from 40 years to 30 years." The Illinois Supreme Court denied defendant's petition for leave to appeal but, pursuant to defendant's request, it remanded the case to the circuit court, pursuant to its supervisory authority, with instructions to reduce defendant's sentence for second degree murder from 40 to 30 years in IDOC. *People v. McKenzie*, 229 Ill. 2d 684 (2008) (supervisory order).

¶ 7    On June 11, 2010, defendant filed a *pro se* postconviction petition which was dismissed on August 31, 2010, as frivolous and patently without merit.

¶ 8                                    ANALYSIS

¶ 9    Defendant acknowledges that, as part of his negotiated plea agreement, he agreed to waive all appeal and postconviction challenges to both his first degree murder conviction and his second degree murder conviction. Nonetheless, he requests the court to hear this postconviction appeal on the ground that this agreement is void.

¶ 10   In his initial brief on this appeal, he argued that the plea agreement was void on two grounds: first, because it originally included a void sentence, in excess of the statutory maximum; and, second, because it included a waiver of appellate and postconviction rights, which he requests that we find is void against public policy. However, in his reply brief, he conceded that the first argument was foreclosed by our supreme court's decision in *People v. Donelson*, 2013 IL 113603, and he now proceeds on only the second argument. For the following reasons, we affirm the dismissal of his postconviction petition.

¶ 11                  I. Stages of a Postconviction Proceeding

¶ 12   This appeal came to us after a first-stage summary dismissal of a postconviction petition.

¶ 13   The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2000)) provides a means by which a defendant may challenge his or her conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006) (citing *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005)). To be entitled to postconviction relief, a defendant must demonstrate that he or she has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. 725 ILCS 5/122-1(a) (West 2000); *Pendleton*, 223 Ill. 2d at 471 (citing *Whitfield*, 217 Ill. 2d at 183).

¶ 14   The Act provides for three stages in noncapital cases. *Pendleton*, 223 Ill. 2d at 471-72. At the first stage, the trial court has 90 days to review a petition and may summarily dismiss

it if the trial court finds that the petition is frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2000); *Pendleton*, 223 Ill. 2d at 472. If the trial court does not dismiss the petition within that 90-day period, the trial court must docket it for further consideration. 725 ILCS 5/122-2.1(b) (West 2000); *Pendleton*, 223 Ill. 2d at 472.

¶ 15　　The Illinois Supreme Court has held that, at this first stage, the trial court evaluates only the merits of the petition's substantive claim, and not its compliance with procedural rules. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The issue at this first stage is whether the petition presents " ' "the gist of a constitutional claim." ' " *Perkins*, 229 Ill. 2d at 42 (quoting *People v. Boclair*, 202 Ill. 2d 89, 99-100 (2002), quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). As a result, "[t]he petition may not be dismissed as untimely at the first stage of the proceedings." *Perkins*, 229 Ill. 2d at 42.

¶ 16　　In the case at bar, defendant's petition was dismissed at the first stage. However, if it had proceeded to the second stage, the Act provides that counsel may be appointed for defendant, if defendant is indigent. 725 ILCS 5/122-4 (West 2000); *Pendleton*, 223 Ill. 2d at 472. After an appointment, Supreme Court Rule 651(c) requires the appointed counsel: (1) to consult with petitioner by mail or in person; (2) to examine the record of the challenged proceedings; and (3) to make any amendments "that are necessary" to the petition previously filed by the pro se defendant. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984); *Perkins*, 229 Ill. 2d at 42.

¶ 17　　The Act provides that, after defense counsel has made any necessary amendments to the petition, the State may move to dismiss it. *Pendleton*, 223 Ill. 2d at 472 (discussing 725 ILCS 5/122-5 (West 2000)). See also *Perkins*, 229 Ill. 2d at 43. If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998). A trial court is foreclosed "from engaging in any fact-finding at a dismissal hearing because all well-pleaded facts are to be taken as true at this point in the proceeding." *Coleman*, 183 Ill. 2d at 380-81.

¶ 18　　At a third-stage evidentiary hearing, the trial court "may receive proof by affidavits, depositions, oral testimony, or other evidence," and "may order the petitioner brought before the court." 725 ILCS 5/122-6 (West 2000). In the case at bar, defendant asks us to reverse the trial court's dismissal of his petition as frivolous and remand for second-stage proceedings.

¶ 19　　　　　　　　　　　　II. Standard of Review

¶ 20　　The question of whether a trial court's summary first-stage dismissal was in error is purely a question of law, which an appellate court reviews *de novo*. *People v. Petrenko*, 237 Ill. 2d 490, 496 (2010); see also *Pendleton*, 223 Ill. 2d at 473. *De novo* consideration means that we perform the same analysis that a trial judge would perform. *People v. Daniel*, 2013 IL App (1st) 111876, ¶ 22.

¶ 21　　Our supreme court has held that a trial court may summarily dismiss a petition as frivolous only if it has no arguable basis either: (1) in law; or (2) in fact. *Petrenko*, 237 Ill. 2d at 496 (citing *People v. Hodges*, 234 Ill. 2d 1, 16 (2009)). Our supreme court has explained that (1) a petition lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record"; and that

(2) it lacks an arguable basis in fact "if it is based upon a fanciful factual allegation, such as one that is clearly baseless, fantastic or delusional." *Petrenko*, 237 Ill. 2d at 496 (citing *Hodges*, 234 Ill. 2d at 16-17).

¶ 22                          III. Defendant's Original Sentence

¶ 23        In the case at bar, there is no dispute among the parties that defendant's original sentence for second degree murder, as contained in his plea agreement, was void because it was in excess of the statutory maximum. However, that agreement was reformed, at defendant's request, by the supreme court. Defendant requested the supreme court to exercise its supervisory authority to reduce his sentence, and it granted his request. Once a defendant has asked one court for a particular remedy to correct a mistake and it grants his prayer for relief, he cannot then go to a different court and argue, in essence, that what he asked for previously was insufficient and now he wants more. It is well established that a defendant may not ask a court to proceed in a certain manner and than contend in a different court that the order which he thus obtained was in error. *People v. Segoviano*, 189 Ill. 2d 228, 241 (2000) (citing *People v. Lowe*, 153 Ill. 2d 195, 199 (1992)).

¶ 24        In his original appellate brief, defendant relied primarily on the Illinois Supreme Court's opinion in *People v. White*, 2011 IL 109616. However, that case is distinguishable. In *White*, our supreme court held that a plea agreement was void where the trial court had imposed a sentence that was less than the statutory minimum. *White*, 2011 IL 109616, ¶ 31. The supreme court remanded the case to the trial court with instructions that it allow defendant to withdraw his guilty plea and proceed to trial, if he so chooses. *White*, 2011 IL 109616, ¶ 31.

¶ 25        That case is distinguishable in two respects. First, in *White*, the defendant was denied the benefit of his bargain. He had bargained for a lower sentence, and once that was denied him, it would have been unfair to hold him to an agreement that he had never bargained for. By contrast, in the case at bar, defendant had bargained for a higher sentence than the one he is now receiving. He had agreed to a 40-year sentence, and he is now serving a 30-year sentence; so he is now receiving more than he bargained for, not less.

¶ 26        Second, in *White*, defendant asked for one remedy and received it, namely, the ability to vacate his plea. By contrast, in the case at bar, defendant asked for a different remedy, namely, a reduction in sentence and received it. Unlike the defendant in *White*, defendant is asking for an additional remedy for the same mistake.

¶ 27        Since defendant received the benefit of his bargain–actually more–and already requested and received a remedy for the statutory error, we find that *White* is distinguishable.

¶ 28        Further, in defendant's reply brief, he conceded that this argument was foreclosed by our supreme court's recent decision in *People v. Donelson*, 2013 IL 113603. In *Donelson*, the supreme court held that *White* does not allow a defendant to withdraw his guilty plea if his sentence can be modified to provide the defendant with the benefit of his bargain. *Donelson*, 2013 IL 113603, ¶¶ 26-28.

## IV. Public Policy

Defendant now argues that his plea agreement is void solely because it included a waiver of appellate and postconviction rights, which he asks us to find is void against public policy.

In support of his argument, defendant observes that several states have held that such waivers are unenforceable as against public policy, and he cites *Spann v. State*, 704 N.W.2d 486 (Minn. 2005), *State v. Ethington*, 592 P.2d 768 (Ariz. 1979) (*en banc*), and *People v. Harrison*, 191 N.W.2d 371 (Mich. 1971). However, he admits that the Illinois Appellate Court has enforced these waivers for decades, citing *People v. Nichols*, 143 Ill. App. 3d 673 (1986), and *People v. Fearing*, 110 Ill. App. 3d 643 (1982). Defendant does not cite any Illinois cases that have opposed these decisions. Defendant's argument that these cases should be overturned, based on public policy and a trend in other states, is better directed to our supreme court. We decline his invitation to depart from our well-established precedent.

## CONCLUSION

In his initial appellate brief, defendant argues that his plea agreement was void because (1) it originally included a void sentence, in excess of the statutory maximum; and (2) it included a waiver of appellate and postconviction rights, which he asked us to find was void against public policy.

First, although the plea agreement originally included a void sentence in excess of the statutory minimum, this sentence was subsequently reduced by the Illinois Supreme Court by supervisory order, in response to defendant's request to do so in his petition for leave to appeal. In addition, defendant withdrew this argument in his reply brief, conceding that it was foreclosed by our supreme court's decision in *People v. Donelson*, 2013 IL 113603.

Second, although defendant argues that other states have found that a waiver of appellate and postconviction rights is against their public policy, he acknowledges that the Appellate Court of Illinois has upheld this type of a waiver for decades. For the foregoing reasons, we affirm the summary dismissal of defendant's postconviction petition.

Affirmed.