870 P.2d 1180

**Jackie MONTGOMERY, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Steven D. Sheldon, a judge thereof, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**No. 1 CA–SA 93–0200.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 18, 1993.

Review Granted April 5, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Richard M. Romley, Maricopa

**86**

County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for real party in interest.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

### GARBARINO, Presiding Judge.

Jackie Montgomery (petitioner) brings this special action from the trial court's denial of his request for an extension of time to file a *pro se* petition for post-conviction relief and the court's dismissal of his non-existent petition. This court accepted jurisdiction, granted relief, and stated that an opinion would follow. This is that opinion.

### FACTS AND PROCEDURAL HISTORY

Following the petitioner's plea of guilty to burglary in the third degree, the trial court sentenced the petitioner to eight years of imprisonment. The petitioner filed a notice of post-conviction relief, requesting court-appointed counsel. The court appointed the public defender's office to represent the petitioner and ordered that counsel file a petition for post-conviction relief within sixty days.

On the sixtieth day, counsel wrote the petitioner, stating that after reviewing the case, he was unable to identify any issues upon which to base a claim for relief. Counsel advised the petitioner that he had the right to file a petition on his own behalf and that counsel would seek additional time from the court to enable the petitioner to do so. On the same day, counsel filed a "Notice of Completion of Post–Conviction Review by Counsel; Request for Extension of Time to Allow Defendant to File *Pro Per* Petition for Post–Conviction Relief."

The court denied the petitioner's request to file a *pro se* petition and summarily dismissed the non-existent petition. This special action followed.

### ISSUES

1. Whether the petitioner has a right to file a *pro se* petition for post-conviction relief after court-appointed counsel has determined that he is unable to identify a meritorious claim; and

2. Whether the petitioner's request to file a *pro se* petition constitutes good cause to warrant an extension to file the petition.

### DISCUSSION

■ The petitioner seeks recognition of the right of all Rule 32 litigants to proceed *pro se* after appointed counsel has made a determination that the petitioner does not have a claim cognizable under Rule 32. The petitioner argues that the trial court lacks discretion to deny him the right to proceed *pro se*. He cites Rule 32.1, Arizona Rules of Criminal Procedure, which provides in pertinent part that "any person who has been convicted of, or sentenced for, a criminal offense may ... institute a proceeding to secure appropriate relief...." The State argues that Rule 32 does envision a defendant filing a petition when counsel cannot ethically proceed because of the perceived lack of a meritorious claim. The State also contends this would result in hybrid representation, which the law precludes.

■ We first address the State's contention that this case involves hybrid representation. The State is correct in its assertion that the petitioner does not have a right to hybrid representation, that is, to be represented by counsel and to represent himself simultaneously. *See State v. Stone*, 122 Ariz. 304, 307–08, 594 P.2d 558, 561–62 (App.1979). Hybrid representation differs from representation by advisory counsel, which involves counsel providing a *pro se* defendant with technical assistance in the courtroom without participating in the actual conduct of the trial. *State v. Rickman*, 148 Ariz. 499, 504 n. 1, 715 P.2d 752, 757 n. 1 (1986).

Here, counsel clearly indicated he was no longer involved with the case and he informed the petitioner that he should proceed *pro se* if he chose to do so. At this point, counsel's representation of the petitioner could not be characterized as hybrid representation. He did not withdraw, but he did advise the petitioner that he had completed his review of the file and was unable to find

any claims to raise under Rule 32. Counsel explicitly indicated to the petitioner that his active representation of the petitioner had come to an end. The message to the petitioner was clear. If the petitioner had any basis for relief that he wanted to bring to the court's attention, he was going to have to raise it *pro se*. Because counsel had not withdrawn, he was still available to advise the petitioner, but his active representation had been concluded.

Fundamental to our system of justice is the concept that a defendant has a constitutionally protected right of access to the courts. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). The right of a defendant to represent himself is also a constitutional right. *Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). When counsel advised the petitioner that he was unable to find a justiciable claim to raise, it was then up to the petitioner acting *pro se* to present whatever claims he felt meritorious.

Article 2, section 24, of the Arizona Constitution guarantees to the accused in criminal prosecutions "the right to an appeal in all cases." Rule 32, Arizona Rules of Criminal Procedure, although separate and apart from the right to appeal, *State v. Gause*, 112 Ariz. 296, 297, 541 P.2d 396, 397 (1975), *cert. denied*, 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976), was enacted as a safeguard "designed to accommodate the unusual situation where justice ran its course and yet went awry." *State v. McFord*, 132 Ariz. 132, 133, 644 P.2d 286, 287 (App.1982). Although both Rule 32 proceedings and the right to appeal are designed to ensure that every defendant is afforded due process of law, the procedural rules are different.

While we agree with the State that a defendant is not afforded the same rights in a Rule 32 proceeding as on direct appeal, at a minimum, the United States Constitution requires that the states provide every litigant an "adequate opportunity to present his claims fairly." *Ross v. Moffitt*, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974). The petitioner in this case was not afforded that opportunity.

Here, court-appointed counsel did not withdraw. He merely requested permission from the court to allow the petitioner to file a Rule 32 petition *pro se*. The petitioner seeks to preserve the same access to the courts offered to a petitioner under the former version of Rule 32 when the petitioner authored the petition and counsel supplemented it, and under the *Anders* procedure which allows a defendant to supplement a brief filed by court-appointed counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Oftentimes, a petitioner and counsel will disagree about what the petitioner believes to be a viable basis for a Rule 32 petition. The rationale for allowing a petitioner to proceed *pro se* is to provide a review of what the petitioner personally believes to be his or her basis for relief. This court has often enough found merit in issues that petitioners have raised *pro se* that we cannot discount the importance of this option. Ultimately, the court, not counsel or the *pro se* petitioner, will decide if the claim lacks merit. However meritorious or nonmeritorious the claim may be, it cannot be addressed until the petitioner has had adequate opportunity to present it to the court. If the court determines an issue may have merit, it provides the assistance of counsel to argue the issue prior to making its decision. Allowing counsel to remain of record facilitates this process.

Because we have determined that the petitioner is entitled to present his claims *pro se* in the post-conviction proceeding following his counsel's notification that counsel could not find a meritorious issue, we next consider the petitioner's request for an extension of time within which to file his petition.

There is no dispute that the petitioner in this case failed to timely file his petition as required by Rule 32.4(c). Therefore, we must determine whether the petitioner established "good cause" to justify an extension for filing his petition. Rule 32.4(c) provides in pertinent part:

In non-capital cases, appointed counsel for the defendant shall have *sixty days from the date of appointment to file a petition* raising claims under Rule 32.1. A non-capital defendant proceeding without counsel shall have *sixty days to file a petition* from the date the notice is filed or from the date the request for counsel is denied.... On a showing of *good cause,* a defendant in a non-capital case may be granted a *thirty day extension* within which to file the petition. (Emphasis added).

The State contends that a petitioner is not entitled to file a petition after the expiration of the time limits as set forth in Rule 32.4. It argues that the judge did not abuse his discretion in this case because the petitioner did not file a timely petition and did not show good cause why an extension should have been granted. The petitioner, however, contends that the trial court erred in denying his request for an extension of time because counsel's last-minute assertion that he could not assist the petitioner constituted "good cause" for an extension to enable him to proceed *pro se.*

We agree that counsel's late notification that he was unable to find a colorable claim constitutes good cause to allow the petitioner an extension of time within which to file a petition *pro se* should he choose to do so. We do not suggest that *pro se* litigants should be exempt from the rules. However, in this instance, counsel did not inform the petitioner until the last day within which the petitioner could file a petition for post-conviction relief, pursuant to Rule 32.4(c), that he was unable to find any meritorious arguments. The petitioner was not afforded ample time to raise possible meritorious claims. In a case like this and under the undisputed circumstances, to hold the petitioner to strict time constraints would deny him access to the court system.

Accordingly, we find that the petitioner has complied with Rule 32.4(c). Counsel's late notification to the petitioner that he was unable to find a meritorious claim has established "good cause" to justify an extension of time to allow the petitioner to file a Rule 32 petition *pro se.*

## CONCLUSION

The trial court's order denying the request for an extension of time and dismissing the petition is vacated. The petitioner was given a thirty-day extension by our order dated August 25, 1993, within which time he was to file his petition.

KLEINSCHMIDT and FIDEL, JJ., concur.