889 P.2d 614

**Jackie MONTGOMERY, Petitioner,**

v.

**Honorable Steven D. SHELDON, Judge, Maricopa County Superior Court, State of Arizona, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**Joe David CAMPBELL, Petitioner,**

v.

**Honorable Michael J. O'MELIA, Judge, Maricopa County Superior Court, State of Arizona, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**Nos. CV–94–0008–PR, CV–94–0159–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 7, 1995.

Opinion Supplemented April 4, 1995.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Phoenix, for petitioner Montgomery in No. CV–94–0008–PR.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Diane E.W. Gunnels, Phoenix, for real party in interest in No. CV–94–0008–PR.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Randall H. Howe, Phoenix, for amicus curiae in No. CV–94–0008–PR.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, James H. Kemper, Phoenix, for petitioner Campbell in No. CV–94–0159–PR.

Richard M. Romley, Maricopa County Atty. by Arthur G. Hazelton, Diane E.W. Gunnels, Phoenix, for real party in interest in No. CV–94–0159–PR.

## OPINION

FELDMAN, Chief Justice.

These cases are before us on petitions for review from conflicting opinions of the court

of appeals. The state petitioned for review of a decision granting special action relief in *Montgomery v. Superior Court,* 178 Ariz. 84, 870 P.2d 1180 (App.1993). A criminal defendant petitioned for review of a decision denying relief on the same issue in *Campbell v. Superior Court,* 178 Ariz. 193, 871 P.2d 740 (App.1994). We granted review and consolidated these cases for oral argument with two others raising the same substantive issue.[1] Ariz.R.Civ.App.P. 8(b). We have jurisdiction under Ariz. Const. art. 6, § 5(3).

## FACTS AND PROCEDURAL HISTORY

The relevant facts in all cases are the same. After pleading guilty to various felonies and receiving prison sentences, each petitioner filed a notice of post-conviction relief ("PCR") under Ariz.R.Crim.P. 32. The trial court appointed counsel to file a PCR petition for each petitioner within the sixty days allowed by Rule 32.4(c). In each case, counsel told the petitioner near the end of that period that there were no grounds for Rule 32 relief. Counsel also said, however, that each petitioner could still file a PCR petition on his own behalf. Toward that end, counsel filed motions requesting thirty-day extensions to permit the petitioners to file *pro se* petitions.

Each trial judge denied the request. The court of appeals granted Montgomery special action relief, holding that he had a right to file a PCR petition *pro se* and that appointed counsel's eleventh-hour notification that he could find no colorable claims constituted "good cause" entitling him to an extension under Rule 32.4(c). *Montgomery,* 178 Ariz. at 86–88, 870 P.2d at 1182–84. Rejecting *Montgomery,* a divided department of the court of appeals reached the opposite conclusion on the same issue. *Campbell,* 178 Ariz. at 199, 871 P.2d at 746. We granted review to reconcile these divergent interpretations of Rule 32. *See* Ariz.R.Civ.App.P. 23(c)(4). Because we conclude that *Montgomery* correctly interpreted our constitution and Rule 32, we affirm that opinion and vacate the opinion in *Campbell.*

## DISCUSSION

### A. The Nature of a Rule 32 PCR Proceeding

Rule 32 provides that "any person who has been convicted of, or sentenced for, a criminal offense may, without payment of any fee, institute a proceeding to secure appropriate relief...." Ariz.R.Crim.P. 32.1. Although procedurally distinct, Rule 32 proceedings and direct appeal are both devices for ensuring that every defendant receives due process of law. *State v. Carriger,* 143 Ariz. 142, 145, 692 P.2d 991, 994 (1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985). Rule 32 provides that when a defendant timely files a notice of PCR, the trial court shall appoint counsel upon request. Ariz.R.Crim.P. 32.4(c). The rule requires the defendant or counsel to file a PCR petition within sixty days but contemplates a thirty-day extension on "a showing of good cause." *Id.*

Our constitution guarantees that in "criminal prosecutions, the accused shall have ... the right to appeal in all cases." Ariz. Const. art. 2, § 24. A defendant normally may exercise that right through a direct appeal. But under Ariz.R.Crim.P. 17.1(e) and 27.8(e), a defendant in a noncapital case who pleads guilty or admits a parole violation waives the right to a direct appeal. In accord with art. 2, § 24, however, those rules specifically allow the defendant to "seek review ... by filing a petition for post-conviction relief pursuant to Rule 32." Ariz.R.Crim.P. 17.1(e), 27.8(e); *Wilson v. Ellis,* 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993) ("It was precisely because of art. 2, § 24 that this court expressly left open the avenue of appellate review by PCR in lieu of direct appeal when it amended the rules with respect to cases involving [guilty pleas]."). Thus, for such defendants, including the defendants in the cases before us, a Rule 32 proceeding is the only means available for exercising the constitutional right to appellate review. As we recently explained, "[t]hat right cannot be

---

1. *Brooks v. Superior Court,* Ariz.Sup.Ct. No. CV–94–0298–PR; *Harris v. Superior Court,* Ariz.Sup. Ct. No. CV–93–0392–PR.

waived merely by a plea or admission." *Wilson,* 176 Ariz. at 123, 859 P.2d at 746.[2]

## B. Does a Defendant Have a Right to File a *Pro Se* Rule 32 Petition?

■ That then brings us to the basic question: given a constitutional right to appellate review "in all cases," is a defendant entitled to exercise that right *pro se* after appointed counsel declines to provide assistance?

Self representation is, of course, a fundamental constitutional right. *Faretta v. California,* 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *State v. De Nistor,* 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985). We reject the notion, asserted by the state and accepted by the *Campbell* majority, that "Rule 32 creates an either/or choice" at the commencement of the proceeding to either proceed *pro se* or request counsel. *Campbell,* 178 Ariz. at 199, 871 P.2d at 746. If this were the rule, a defendant who chose to commence the proceeding through counsel, but whose counsel refused to proceed, would be unable to obtain appellate review. Nothing in the rule compels that result. Nor did we intend, when adopting the current rule, to so restrict a defendant's constitutionally protected right to appellate review.[3] *Wilson,* 176 Ariz. at 123, 859 P.2d at 746; *see also State v. Birmingham,* 95 Ariz. 310, 316, 390

P.2d 103, 107 ("The right to appeal is substantive. The rules promulgated by this Court ... may not diminish or augment substantive rights."), *on reh'g,* 96 Ariz. 109, 392 P.2d 775 (1964). We do not so interpret the rule today. Nor do we customarily find the need when adopting a rule to explicitly disavow an intent to violate the constitution. *Cf.* dissent, *post* at 262 n. 2, 889 P.2d at 620 n. 2. It may, we think, be taken for granted that we intend to abide by the constitution.

Even if art. 2, § 24 would permit a contrary result, practical concerns support allowing a defendant to proceed *pro se* if appointed counsel refuses to pursue a PCR petition. As the dissent implicitly concedes, such a result is "practical and sensible." That conclusion is a compelling factor in construing our rule. We cannot ignore the fact that even the most able lawyers occasionally fail to see arguable or even winning issues on appeal. *See, e.g., State v. McDaniel,* 127 Ariz. 13, 617 P.2d 1129 (1980) (reversing capital conviction based on defendant's supplemental *pro se* argument). Nor can we assume, unfortunately, that defendants always have competent lawyers. We agree that the "defendant having a right to access, counsel cannot unilaterally shut the courthouse door." *Campbell,* 178 Ariz. at 200, 871 P.2d at 747 (Kleinschmidt, J., dissenting).[4]

---

**2.** Contrary to the dissent's view, *post* at 262, 889 P.2d at 620, we have never held, and we do not hold ·today, that a pleading defendant cannot waive his right to a *direct appeal* consistent with art. 2, § 24. Both *Wilson* and this case, however, involve only Rule 32 proceedings, a distinct form of appellate review. *See Wilson,* 176 Ariz. at 125, 859 P.2d at 748 (Martone, J., dissenting) ("Collateral review by way of Rule 32 ... does, however, provide a safeguard against defective plea or admission proceedings."). As noted, the waiver provisions in Rules 17.1 and 27.8 specifically exclude Rule 32 proceedings. The dissent's primer on the propriety of waiving a direct appeal, although informative, is therefore irrelevant. And its claim that we somehow equate waiver with postponement is neither relevant nor correct. These defendants waived their right to direct appeal by pleading guilty. But as we held in *Wilson,* because of art. 2, § 24 this is not equivalent to waiving all appellate review. Hence our opinion is not based on any "assumption" except the principle of law established by our most recent case on the subject. Evidently the dissent is unwilling to concede that *Wilson* is the law. It is, although not everyone agrees with it. *See id.* at 124–25, 859 P.2d at 747–48 (Mar-

tone, J., dissenting). We see no purpose in reopening the *Wilson* debate in every subsequent case and thus end it here.

**3.** We substantially revised Rule 32 in 1992. The former version required a defendant to file his own PCR petition raising claims of error. The defendant could then request that counsel be appointed to supplement and refine the *pro se* petition. Significantly, we note that under the former rule, counsel's refusal to supplement a petition did not prevent the defendant from proceeding *pro se.* Our purpose in adopting the current rule was to expedite the procedure for exercising the constitutional right to appellate review "in all cases." We did not intend, *sub silentio,* to abolish that right in some cases. The dissent's view, *post* at 262, 889 P.2d at 620, of what the court intended in *Wilson* or by the amendment of the rule is just that: the dissent's view, not the court's intent then or now.

**4.** The state erroneously cites *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), for the proposition that after electing to be represented by counsel, a

This approach finds further support in the procedure long utilized on direct appeal under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which entitles a defendant to file a supplemental *pro se* brief if appointed counsel concludes an appeal has no merit. Although the defendant may raise fewer issues in a PCR proceeding than in a direct appeal, under art. 2, § 24 the right to present those issues for judicial review when appointed counsel declines to do so should be the same. We recognize, of course, that *Anders* was based on a defendant's Fourteenth Amendment right to counsel in a first appeal and that there is no such right in state PCR proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). A Rule 32 proceeding followed by appellate review, however, is similar to a direct appeal for an Arizona defendant who pleads guilty. Because Rule 32.4(c) provides for appointment of counsel, *Anders* is persuasive insofar as it authorizes a defendant to proceed *pro se* if counsel finds no merit. *Cf. Austin v. United States*, — U.S. —, —–—, 115 S.Ct. 380, 381–82, 130 L.Ed.2d 219 (1994) (commenting on appointed counsel's obligation not to file a frivolous certiorari petition and an indigent defendant's right to prosecute an appeal).

■ That is not to say, however, that an *Anders*-like review for fundamental error is required whenever a defendant exercises the right to file a PCR petition. We reject that idea, as we have before. *Wilson*, 176 Ariz. at 124, 859 P.2d at 747 ("[We] are not commanding, nor do we want, trial courts to conduct *Anders*-type reviews in PCRs."); *State v. Shattuck*, 140 Ariz. 582, 585, 684 P.2d 154, 157 (1984) (noting that *Anders* does not require fundamental error review at every level of the appellate process).[5] To the contrary, we hold only that if counsel refuses to proceed, a pleading defendant has a right under Ariz. Const. art. 2, § 24 to file a *pro se* PCR petition. Trial courts should treat such petitions like any other and may, if appropriate, summarily dismiss them under Ariz. R.Crim.P. 32.6(c).[6] *Wilson*, 176 Ariz. at 124, 859 P.2d at 747.

## C. The Mix–Up over Hybrid Representation

■ The state claims that recognizing a defendant's constitutional right to file a *pro se* PCR petition violates the "prohibition" against hybrid representation. We disagree. Although there is no constitutional right to hybrid representation, the trial court has discretion to permit it in limited circumstances. *State v. Cornell*, 179 Ariz. 314, 325 n. 2, 878 P.2d 1352, 1363 n. 2 (1994). We need not address the narrow scope of that discretion here, however, because no hybrid representation occurs when counsel declines to file a PCR petition and a defendant proceeds *pro se*. Hybrid representation is *concurrent* representation by both counsel and defendant— *not consecutive* representation. *Id.* at 325, 878 P.2d at 1363. Although counsel in these cases did not formally withdraw, for all practical purposes their representation ended

defendant "may no longer represent himself" and must accept the decisions of counsel. *Coleman* is silent on continued self-representation and holds only that counsel's acts in state PCR proceedings bind a defendant for purposes of habeas corpus procedural default. Indeed, the fact that claims not properly preserved in state post-conviction proceedings may be defaulted in federal habeas review strengthens our conclusion that a defendant must be able to proceed *pro se* when appointed counsel is unable or refuses to raise any issues.

**5.** There is some confusion about whether the court of appeals must review the record for fundamental error when a pleading defendant petitions for review of a trial court's denial of post-conviction relief. *See State v. Whipple*, 177 Ariz. 272, 273 n. 3, 866 P.2d 1358, 1359 n. 3 (App. 1993). Because Rule 32 review is analogous to a direct appeal for a pleading defendant, the court of appeals must review for fundamental error when considering a petition for review from denial of post-conviction relief by a pleading defendant. The court may, of course, deny the petition by summary order if it finds no such error. The court of appeals should, however, state in its order denying review that it has examined the record for fundamental error and found none. A.R.S. § 13–4035.

**6.** Nothing in this opinion, however, should be read as discouraging trial courts from *sua sponte* reviewing the record in plea proceedings if they believe such review is warranted, *e.g.*, if it appears no factual basis supported a guilty plea.

when they refused to submit PCR petitions.[7] It is not concurrent representation when appointed counsel refuses to file a PCR petition and the defendant then files a *pro se* petition.

Nor do these cases involve alternate representation, a form of hybrid representation occurring when a defendant switches back and forth between representation by counsel and self-representation. *See Cornell*, 179 Ariz. at 325–26, 878 P.2d at 1363–64. The state mistakenly relies in this regard on *State v. Stone*, which held only that a defendant has no "right to have his case presented in court both by himself *and* by counsel acting alternately." 122 Ariz. 304, 307, 594 P.2d 558, 561 (App.1979) (emphasis added). Here, in contrast, appointed counsel never presented a case for the defendants; albeit for arguably appropriate reasons. In such cases, a subsequent *pro se* filing does not involve alternate hybrid representation.

**D. Is Appointed Counsel's Late No Merit Notification "Good Cause?"**

 Ariz.R.Crim.P. 32.4(c) provides:

In non-capital cases, appointed counsel for the defendant shall have sixty days from the date of appointment to file a petition raising claims under Rule 32.1.... On a showing of good cause, a defendant in a non-capital case may be granted a thirty day extension within which to file.

We believe that good cause exists in each of these cases. Absent a finding of dilatory tactics or other abuse, there is good cause under Rule 32.4(c) when appointed counsel does not indicate an intent not to file a PCR petition until well into the initial sixty-day period.[8] Trial courts, therefore, should grant defendants an appropriate extension upon

such a showing. Only then can defendants fully enjoy the access to appellate review that art. 2, § 24 guarantees. Misapprehending the legal issue, the trial courts here did not act within their discretion in refusing to grant the requested extensions.

**CONCLUSION**

Ariz. Const. art. 2, § 24 guarantees all criminal defendants some form of appellate review. Because a Rule 32 PCR proceeding is the only way a defendant can exercise that right after pleading guilty, such a defendant has a constitutional right to file a *pro se* PCR petition if appointed counsel refuses to do so. A late finding by counsel that no colorable claim for relief exists is good cause entitling a defendant to a thirty-day extension under Rule 32.4(c). We therefore vacate the decision in *Campbell* and order the trial court to grant Campbell a thirty-day extension to file a *pro se* petition. We approve the opinion in *Montgomery* as modified by this opinion.[9]

MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

MARTONE, Justice, dissenting.

I do not believe it is wise to rewrite the Rules of Criminal Procedure through judicial opinions. The majority's result is unrequired by our constitution and unsupported by our rules. If the result is otherwise thought to be practical and sensible, a simple rule amendment would be a more direct and candid approach.

The court prefers the pre–1992 version of our Rules of Criminal Procedure, under which a defendant could appeal from a judgment of guilt entered pursuant to a plea.[1]

---

7. Counsel candidly conceded at oral argument that formal withdrawal is the correct procedure under Ariz.R.Crim.P. 6.3(b) and stated that they would seek to do so in the future. Nevertheless, when requesting thirty-day extensions in these cases counsel made it "crystal clear" to their clients and the trial courts that they would no longer assist in the PCR proceedings.

8. Nothing in this opinion nor in *Wilson* supports the dissent's view that the court has rejected "the new Rule 32 by adding language that is not there." *Post* at 263, 889 P.2d at 621. To the contrary, both here and in *Wilson* we have only

interpreted the language of the rule in accord with art. 2, § 24, as we are obligated to do. In this case we considered the rule's *express* "good cause" provision and concluded that it was satisfied. The dissent apparently does not dispute that conclusion.

9. The issue in *Montgomery* is moot. After obtaining a thirty-day extension below, Montgomery did not file a Rule 32 petition. We therefore do not disturb the trial court's order.

1. In 1992, we amended our rules to coincide, in part, with A.R.S. § 13–4033(B) ("In noncapital cases a defendant may not appeal from a judg-

Indeed, the majority's opinion is premised on the assumption that a defendant cannot waive the right to appeal contained in art. 2, § 24 of the Arizona Constitution. But this assumption is based on the court's failure to distinguish the holding in *State v. Ethington,* 121 Ariz. 572, 592 P.2d 768 (1979) (one cannot *contract* away the right to appeal) from the formal procedures we adopted in 1992 that allow a defendant to knowingly and voluntarily waive the right to appeal in front of a judge. *See* Rules 17.2(e) and 27.8(e), Ariz. R.Crim.P. Contract is one thing. A formal procedure that allows the waiver of every other right listed in art. 2, § 24 (counsel, confrontation, speedy trial, etc.) is quite another. *See People v. Rodriguez,* 192 Mich. App. 1, 480 N.W.2d 287, 291 (1991) (holding that a criminal defendant may stand in open court and waive the right to appeal, noting that "[a]lthough it is clear that a court may not properly negotiate a plea with a defendant or 'place a price' on his right to appeal, neither situation arises where a defendant, with the participation of his attorney and the prosecutor, makes his own terms, understands them, and thereby brings an end to a prosecution or trial"). This failure to distinguish between the two explains *Wilson v. Ellis,* 176 Ariz. 121, 859 P.2d 744 (1993), where a majority held that the procedures for the formal waiver of the right to appeal contained in Rule 17.2(e), Ariz.R.Crim.P., and Rule 27.8(e), Ariz.R.Crim.P., mean nothing. *See Wilson,* 176 Ariz. at 124, 859 P.2d at 747 (Martone, J., dissenting).[2] *See also State v. Wilson,* 174 Ariz. 564, 567, 851 P.2d 863, 866 (App.1993) ("We thus conclude that the right to appeal, like any other constitutional right, may be waived.").[3]

What do these rules mean if not exactly what they say—that by pleading guilty, a defendant waives certain rights, among them,

the right to appeal? The majority answers this by defining "waiver" as merely "postponement." *Ante,* at 259, n. 2, 889 P.2d at 617, n. 2. But if a defendant merely postpones his appeal rather than waives it, why do we require such rigorous formal waiver procedures? The court says, on the one hand, that it does "not hold today that a pleading defendant cannot waive his right to a *direct appeal,*" *id.,* and, on the other, "a Rule 32 proceeding is the only means available for exercising this constitutional right to appellate review." *Ante,* at 258, 889 P.2d at 616. The majority, thus, feels constitutionally compelled to convert appellate review of the denial of post-conviction relief, which all agree is *not* waived, and is not constitutionally based, into direct appellate review, which is constitutionally based.

Arizona's rules are not exceptional. At the time this court considered them, research indicated that only a few states failed to restrict a defendant's right to appeal after pleading guilty. See the clerk's record in R–91–0027. In fact, a majority of states recognizes that the right to appeal, like other fundamental constitutional rights, may be waived if the defendant does so knowingly, intelligently, and voluntarily. *Rodriguez,* 480 N.W.2d at 291 ("We agree with the decisions in a majority of jurisdictions that suggest there is no affirmative public policy to be served in fostering appeals or prohibiting their waiver."); *State v. Perkins,* 108 Wash.2d 212, 737 P.2d 250, 252 (1987) (criticizing *State v. Ethington,* 121 Ariz. 572, 592 P.2d 768 (1979) and noting that " 'almost all courts have agreed that defendants can waive those rights [to appeal] by pleading guilty, so long as they do so knowingly and voluntarily.' ") (quoting J. Bond, *Plea Bargaining and Guilty Pleas,* § 5.14, at 5–29 (2d ed. 1983)). Because this court's understanding of the ability to waive the right to appeal is unique, it is difficult to understand its

ment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.").

**2.** An exhaustive search of the record in the Rule 28 file for each of these rules reveals no support for what the majority characterizes as the "court's intent then or now." *Ante,* at 259, n. 3, 889 P.2d at 617, n. 3. See the clerk's record in R–91–0027.

**3.** And neither *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), nor A.R.S. § 13–4035(B) sup-

port the court's imposition of an *Anders* review on the court of appeals. *Ante,* at 260, n. 5, 889 P.2d at 618, n. 5. *Leon* and *Anders* apply to direct appellate review—not collateral post-conviction relief. A.R.S. § 13–4035(B) refers to "an appeal," not post-conviction relief. Today, the court ignores the difference. Admittedly this flows naturally from the court's refusal to acknowledge the right to waive an appeal. Soon the court will be confronted with the argument that the more limited scope of review under Rule

statements that it sees no "need when adopting a rule to explicitly disavow an intent to violate the constitution," and "[i]t may, we think, be taken for granted that we intend to abide by the constitution." *Ante*, at 259, 889 P.2d at 617.

Today, the court completes its rejection of the new Rule 32 by adding language that is not there. I believe that if we wanted to accord a defendant who is represented by counsel an absolute right to file a *pro per* petition we would have said so. We would not have relied upon a "showing of good cause." Today the court rewrites Rule 32.4(c), Ariz.R.Crim.P., so that it reads, in part, as follows:

> In non-capital cases, appointed counsel for the defendant shall have sixty days from the date of appointment to file a petition raising claims under Rule 32.1. IF APPOINTED COUNSEL IN NON–CAPITAL CASES IS OF THE VIEW THAT NO COLORABLE ISSUE IS SUFFICIENT TO WARRANT THE FILING OF A PETITION, HE OR SHE SHALL, WITHIN THE SIXTY DAY PERIOD FOR FILING A PETITION, MOVE TO WITHDRAW.[4] THE DEFENDANT SHALL HAVE 30 DAYS AFTER THE ENTRY OF AN ORDER ALLOWING WITHDRAWAL TO FILE A PETITION. OTHERWISE, [a] non-capital defendant proceeding without counsel shall have sixty days to file a petition from the date the notice is filed or from the date the request for counsel is denied. (Capitalized words indicate the court's addition).

Counsel for the defendants admitted at oral argument that an amendment like this would be acceptable. If that is the case, we should adopt it under Rule 28, Ariz.R.Sup.Ct. While I would quickly vote to adopt such an amendment, I dissent here because the court's opinion is a reach, unrequired by our constitution and unsupported by our existing rule.

32, as compared to an appeal, is itself unconstitutional.

**4.** Contrary to the majority's suggestion that "(a)lthough counsel in these cases did not formally withdraw, for all practical purposes their representation ended," *ante*, at 260, 889 P.2d at 618, Rule 6.3(b), Ariz.R.Crim.P., specifically provides that a lawyer "shall continue to represent" the defendant "unless the court permits him or her to withdraw."