903 P.2d 639

**STATE of Arizona, Respondent,**

v.

**Tony Sylvester RODRIGUEZ, Petitioner.**

**No. 1 CA–CR 94–0794 PR.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 29, 1995.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for respondent.

Tony Sylvester Rodriguez, Douglas, in pro. per.

## OPINION

GARBARINO, Judge.

Tony Sylvester Rodriguez (defendant) petitions for review of the trial court's denial of post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. We hold that a defendant who seeks Rule 32 relief following his conviction at trial is entitled to file a *pro se* petition if the trial court is informed that appointed counsel has no intention of doing so.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of aggravated driving while under the influence and aggravated driving with an alcohol concentration of 0.10 or more, both class 5 felonies. He was sentenced to concurrent, presumptive terms of three years imprisonment, as enhanced by one prior felony conviction. On direct appeal, counsel filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), and defendant filed a supplemental brief. We addressed the issues raised in defendant's supplemental brief, reviewed the record for fundamental error, and affirmed defendant's convictions and sentences. *State v. Rodriguez,* 1 CA–CR 93–0842, Memorandum Decision (Mar. 21, 1995).

While his appeal was pending, defendant filed a notice of post-conviction relief. *See* Rule 32.4(a). At defendant's request, counsel was appointed. Counsel never filed a petition for post-conviction relief; however, he informed the court that he was "unable to find any claims for relief to raise in post-conviction proceedings" and asked that defendant be granted an additional thirty days to file a *pro se* petition. Although the State

did not oppose that request, the trial court denied it pursuant to *Campbell v. Superior Court*, 178 Ariz. 193, 871 P.2d 740 (App.1994), *vacated sub nom. Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614 (1995). The court also dismissed the "petition," although none had ever been filed. Defendant moved for a rehearing, which motion was denied. He then filed a timely petition for review by this Court. He asserts that the trial court erred by denying his counsel's request for a thirty-day continuance to permit filing of a *pro se* petition and by dismissing the nonexistent petition. The State did not respond to the petition for review.

## DISCUSSION

■ Initially, we reject defendant's argument that because he was tried for conduct that occurred in 1991, these post-conviction proceedings were subject to the former version of Rule 32. Former Rule 32.6(d) permitted liberal amendment of a petition prior to entry of judgment. However, with one exception not applicable here, the 1992 amendments to Rule 32 apply "to all post-conviction relief petitions filed on and after September 30, 1992." Supreme Court Order, 171 Ariz. XLIV (Sept. 24, 1992). Defendant filed his notice of post-conviction relief on February 28, 1994; therefore, this case is governed by the current version of the rule.

■ In *Montgomery v. Sheldon*, our supreme court held that because the Arizona Constitution, article 2, section 24, "guarantees all criminal defendants some form of appellate review," a defendant who pleads guilty "has a constitutional right to file a *pro se* PCR [post-conviction relief] petition if appointed counsel refuses to do so." 181 Ariz. at 261, 889 P.2d at 619. *Montgomery v. Sheldon* involved defendants who waived their appellate rights through their guilty pleas and were therefore limited to Rule 32 as their sole means of post-conviction review. *See id.* at 258, 889 P.2d at 616; *see also* Rules 17.1(e) and 27.8(e). Clearly, the constitutional concerns underlying *Montgomery v. Sheldon* are not present in this case because defendant was convicted after trial. Consequently, he possessed a right to review on direct appeal, which he exercised.

Nevertheless, in *Montgomery v. Sheldon*, our supreme court identified other reasons why a nonpleading defendant should be allowed to proceed *pro se* when counsel declines to file a Rule 32 petition:

Even if art. 2, § 24 would permit a contrary result, practical concerns support allowing a defendant to proceed *pro se* if appointed counsel refuses to pursue a PCR petition.... We cannot ignore the fact that even the most able lawyers occasionally fail to see arguable or even winning issues on appeal. *See, e.g., State v. McDaniel*, 127 Ariz. 13, 617 P.2d 1129 (1980) (reversing capital conviction based on defendant's supplemental *pro se* argument). Nor can we assume, unfortunately, that defendants always have competent lawyers. We agree that the "defendant having a right to access, counsel cannot unilaterally shut the courthouse door." *Campbell*, 178 Ariz. at 200, 871 P.2d at 747 (Kleinschmidt, J., dissenting).

181 Ariz. at 259, 889 P.2d at 617. This Court has voiced similar concerns. *See Montgomery v. Superior Court*, 178 Ariz. 84, 87, 870 P.2d 1180, 1183 (App.1993), *approved as modified sub nom. Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614 (1995) ("The rationale for allowing a petitioner to proceed *pro se* is to provide a review of what the petitioner personally believes to be his or her basis for relief. This [C]ourt has often enough found merit in issues that petitioners have raised *pro se* that we cannot discount the importance of this option.").

■ Additionally, we note that a defendant who has been convicted after trial is in the same position as a pleading defendant with regard to certain issues, such as ineffective assistance of counsel or newly discovered evidence, because those issues typically must be litigated through a petition for post-conviction relief. *See State v. Valdez*, 160 Ariz. 9, 15, 770 P.2d 313, 319 (1989); *State v. Fleming*, 117 Ariz. 122, 129, 571 P.2d 268, 275 (1977). If a valid claim fails to surface in an initial Rule 32 proceeding, it may be permanently foreclosed as a basis for relief. *See* Rule 32.2; *cf. Montgomery v. Sheldon*, 181 Ariz. at 259 n. 4, 889 P.2d at 617 n. 4.

("Indeed, the fact that claims not properly preserved in state post-conviction proceedings may be defaulted in federal habeas review strengthens our conclusion that a defendant must be able to proceed *pro se* when appointed counsel is unable or refuses to raise any issues.").

Rule 32.4(c) provides that the post-conviction relief petition must be filed by counsel within sixty days of appointment but that, "[o]n a showing of good cause, a defendant in a non-capital case may be granted a thirty day extension within which to file the petition." Good cause exists when, as in this case, appointed counsel does not indicate until the sixty-day period has expired that he declines to file a petition. *See Montgomery v. Sheldon*, 181 Ariz. at 259–60, 889 P.2d at 617–18.

## CONCLUSION

We grant review of defendant's petition and grant relief by vacating the dismissal of the Rule 32 proceeding and remanding to the trial court with instructions to grant defendant a thirty-day extension under Rule 32.4(c).

FIDEL, P.J., and GRANT, J., concur.