NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMIE SOTO JACOTT, *Petitioner*.

No. 1 CA-CR 18-0802 PRPC
FILED 4-2-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2011-006680-001
The Honorable Jeanne Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Jaime Soto Jacott, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**          Petitioner Jaimie Soto Jacott petitions this court to review the denial of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          The State charged Jacott with sale or transportation of a dangerous drug under A.R.S. § 13-3407(A)(7). Jacott pled not guilty, and the court scheduled the matter for trial.

**¶3**          Jacott failed to appear for the trial. The court found that he had voluntarily chosen not to be present and ordered that the trial proceed in his absence. The facts, as noted by this court on Jacott's direct appeal, *State v. Jacott*, 1 CA-CR 14-0307, 2015 WL 5772212 (Ariz. App. Oct. 1, 2015) (mem. decision), reveal the following. In July 2010, police officers were using an audio- and video-surveilled residence to conduct undercover operations in a Phoenix neighborhood. *Id.* at *1, ¶ 7. On July 7, Detective David Mendez, working undercover, encountered an individual named Charlie Martinez at a gas station. *Id.* Mendez spoke with Martinez, and Martinez asked him if he was interested in purchasing methamphetamine. *Id.* Mendez told Martinez that he would check with a friend. *Id.* After telephoning Detective Kevin Chadwick, who was waiting at the undercover residence, Mendez arranged for Martinez to bring the methamphetamine to the residence. *Id.*

**¶4**          Following Martinez's instructions, Mendez returned to the area of the residence and waited outside. *Jacott*, 2015 WL 5772212 at *2, ¶ 8. Martinez arrived with Jacott. *Id.* Martinez introduced Jacott and stated that he would be "taking care" of them. *Id.* The three men then entered the residence together. *Id.* Chadwick informed Jacott that he wanted 0.5 grams of methamphetamine. *Id.* Jacott removed a substance from his bag, used Chadwick's scale, and measured out an amount. *Id.* Chadwick paid Jacott

2

$40, placed the substance in a plastic bag, and put it in his pocket. *Id.* Testing later revealed that the substance was 0.67 grams of methamphetamine. *Id.*

¶5 After considering the evidence and counsels' arguments, the jurors returned a guilty verdict. Five months later, Jacott was taken into custody for a new offense. After a hearing on Jacott's prior convictions, the court found that the State had proved eight prior felony convictions. The court entered judgment on the jury's verdict and sentenced Jacott to a mitigated prison term of 10 years of flat time.

¶6 On appeal, Jacott's lawyer filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). *Jacott*, 2015 WL 5772212 at *1, ¶ 2. Jacott filed a supplemental brief. *Id.* This court found no fundamental error and affirmed the conviction and sentence as modified. *Id.* at ¶ 3.

¶7 Jacott then timely filed a notice of post-conviction relief. A lawyer was appointed, but, finding no arguable issues, filed a motion to allow Jacott to file a supplemental petition. *See Lammie v. Baker*, 185 Ariz. 263 (1996); *Montgomery v. Sheldon*, 181 Ariz. 256 (1995), *supplemented*, 182 Ariz. 118 (1995); *State v. Rodriguez*, 183 Ariz. 331 (App. 1995). Jacott filed a *pro se* petition raising the following claims:

> 1. Petitioner was not given advice by counsel as to the strength of the State's evidence against him (first counsel).
>
> 2. Petitioner was not given advice by counsel as to the strength of the State's evidence against him (second counsel).
>
> 3. Counsel was ineffective for failing to abide by the Court order to request a Rule 26.5 evaluation.
>
> 4. Counsel was ineffective when he stipulated to the substance found being methamphetamine.
>
> 5. Petitioner has been denied the protections of *Anders v. California* in his initial post-conviction proceeding.

The superior court concluded that Jacott had "failed to show a colorable claim for ineffective assistance of counsel," and summarily dismissed the *pro se* petition.

¶8 Jacott timely petitioned this court to review the superior court's decision. We find no error in the superior court's ruling.

## DISCUSSION

**¶9**        Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is Jacott's burden to show that the court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has the burden of establishing an abuse of discretion on review). However, a petition for review may not present issues or arguments not made to the superior court. Ariz. R. Crim. P. 32.9(c)(4)(B); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see State v. Smith*, 184 Ariz. 456, 459 (1996) (holding there is no review for fundamental error in a post-conviction relief proceeding).

**¶10**        "To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced the defendant." *State v. Febles*, 210 Ariz. 589, 595, ¶ 18 (App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). The first prong of the test requires a court to consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The second prong asks whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We "need not approach the inquiry in a specific order or address both prongs of the inquiry if the defendant makes an insufficient showing on one." *State v. Salazar*, 146 Ariz. 540, 541 (1985) (citing *Strickland*, 466 U.S. at 697). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* (quoting *Strickland*, 466 U.S. at 697).

**¶11**        "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000). "To establish prejudice in the rejection of a plea offer, a defendant must show 'a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer' and declined to go forward to trial." *Id.* at 414, ¶ 20 (quoting *People v. Curry*, 687 N.E.2d 877, 888 (Ill. 1997)).

**¶12**        Jacott claims that his first attorney did not sufficiently advise him regarding the strength of the State's case, such that he could make an

informed decision whether to accept the State's plea offer. The record does not support Jacott's factual assertion. At a settlement conference, the court told Jacott that "there's video surveillance" of a "sale to an undercover officer" so that he "would have a very hard time convincing a jury that [he] didn't do it." To which Jacott acknowledged, "Right." There was no confusion about the strength of the State's case and Jacott's understanding — the crime was recorded, and he was going to be convicted. To establish a claim of ineffective assistance of counsel, a defendant must do more than simply contradict what the record plainly shows. *See State v. Jenkins*, 193 Ariz. 115, 120, ¶ 15 (App. 1998) (defendant's claim he was unaware sentence "must be served without possibility of early release" not colorable when "directly contradicted by the record").

¶13           Jacott argues that once his second attorney recognized the strength of the State's case, he should have secured a plea offer from the State. Again, the record shows that Jacott was advised at the settlement conference that the offer on the table was a "fast-track" offer. Jacott was also advised that if he refused the offer at the settlement conference that a plea would not be reoffered. The second lawyer could not secure a plea offer after Jacott refused the offer. Moreover, even assuming a second offer could have been secured, Jacott fled and was not available to accept such a plea. Finally, we reject Jacott's "attempt to extend the *Donald* rationale to potential plea agreements that were never actually offered and the terms of which are unknown." *State v. Jackson*, 209 Ariz. 13, 16, ¶ 9 (App. 2004). "Absent a colorable allegation that a specific plea agreement would have been extended," and that Jacott "would have entered into such an agreement," he "could not have established he had been prejudiced." *Id.* at 17, ¶ 9. As such, Jacott did not raise a colorable claim of ineffective assistance of counsel during the plea negotiating phase.

¶14           Regarding Jacott's claim that his trial counsel was ineffective for failing to file a Rule 26.5 motion, we likewise find that Jacott has failed to allege a colorable claim of prejudice. Arizona Rule of Criminal Procedure 26.5 authorizes the superior court to order a defendant to submit to a "mental health examination or a diagnostic evaluation." The evidence adduced from a Rule 26.5 report may be used for the court to determine competency to be sentenced, or for mitigation. *See State v. Clabourne*, 142 Ariz. 335, 346–47 (1984). Here, the parties discussed the need for a Rule 26.5 report, and the court requested that counsel file a motion. Counsel did not file the motion requested by the court.

¶15           We do not have to decide if trial counsel's failure to file the Rule 26.5 motion constituted deficient performance under *Strickland*

because the record does not show a colorable claim for prejudice. *Salazar*, 146 Ariz. at 541–42. There is evidence in the record that Jacott has been previously diagnosed as seriously mentally ill ("SMI"). However, the prior SMI diagnosis alone does not establish that Jacott was incompetent at the time of sentencing. *State v. Hartford*, 130 Ariz. 422, 426 (1981) (although defendant had a history of mental illness, based upon the observance of the court there was no reason for the superior court to believe that defendant was incompetent to be sentenced). Trial counsel told the court that he did not experience problems with Jacott, and Jacott did not refer the court to any specific reference in the record evidencing a problem with competency.[1] Likewise, Jacott did not offer the court a current diagnosis opining that he was incompetent at the time of sentencing.

¶16            Regarding the use of a Rule 26.5 report for mitigation, the superior court noted that Jacott received a mitigated sentence and found he had not presented a colorable claim. Again, without a specific current diagnosis, it was impossible for the court to conclude how additional evidence could have changed the outcome. The superior court is in the best position to determine the "reasonable probability" that the "result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We find no abuse of discretion by the court in finding Jacott did not present a colorable claim of ineffective assistance of counsel regarding the Rule 26.5 motion.

¶17            Finally, Jacott argues it was ineffective for trial counsel to stipulate that the substance he sold was methamphetamine. He speculates the substance was not methamphetamine but offered the superior court no evidence that challenged the State's expert's findings. The court did not err by dismissing this claim.

¶18            Jacott claims that he was entitled to an *Anders* review regarding his Rule 32 proceeding. This court has rejected Jacott's claim. *See State v. Chavez*, 243 Ariz. 313, 314, ¶ 1 (App. 2017).

---

[1]        Rule 32.5(a) states that a petition "must include a memorandum that contains citations to relevant portions of the record." "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.* Jacott's conclusory statements that the record shows he did not understand what was going on at the settlement conference, does not comply with the rule.

## CONCLUSION

¶19        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA