NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALYSSA HARLEY FRIEDEL, *Petitioner*.

No. 1 CA-CR 25-0289 PRPC

FILED 03-13-2026

Petition for Review from the Superior Court in Mohave County
No. CR-2022-00394
The Honorable Douglas Camacho, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Alyssa Harley Friedel, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

**P A T O N**, Judge:

¶1        Alyssa Friedel ("Petitioner") seeks review of the superior court's order denying her petition for post-conviction relief ("PCR"), filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 33.1.  We have considered the petition for review and grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        Petitioner pled guilty to attempted child abuse by domestic violence in 2022 and was sentenced to 10 years' imprisonment.  This is her third PCR proceeding.

¶3        Petitioner first filed a notice requesting PCR in December 2022.  She sought relief solely under Rule 33.1(b)-(h).  In April 2023, Petitioner's counsel filed a *Montgomery* Brief, stating that counsel found no colorable claims to raise.  *See Montgomery v. Sheldon*, 181 Ariz. 256, 258, *superseded by statute on other grounds as recognized by State v. Smith*, 184 Ariz. 456, 459 (1996).  The court gave Petitioner until June 2023 to file her pro se PCR petition.  She failed to file a petition by that date, and the court dismissed the action.

¶4        Petitioner filed a second PCR notice in September 2024.  She checked the box noting this was a successive PCR notice but explained she had received information from the Arizona Department of Corrections in August 2024, which "exposed the constitutional violation," "created new claims," and "[wa]s the foundation for the [new] claims."  The court gave Petitioner 60 days to file her petition after the case file was provided to her.  Petitioner's counsel notified the court that counsel mailed Petitioner her case file in September 2024.  Petitioner failed to file a petition within 60 days of receiving the file and the court dismissed the case in January 2025.

¶5        Later that month, Petitioner filed a PCR petition, noting it was a successive petition.  She raised claims that her plea violated the United States or Arizona Constitutions, pursuant to Rule 33.1(a).  Petitioner also raised claims under Rule 33.1(d), asserting that she remains or will remain in custody after her sentence has expired, and under Rule 33.1(h), contending that clear and convincing evidence shows the underlying facts would establish that no reasonable fact finder could find her guilty beyond a reasonable doubt.

¶6        In February 2025, the court dismissed her petition based on untimeliness and her failure to adequately explain why the untimeliness was not her fault.  Petitioner moved for reconsideration, urging the court to

reconsider its dismissal of her petition. The court found she adequately explained why she previously did not raise her claim under Rule 33.1(d) in a timely manner and addressed the merits of that claim. But the court denied her relief on it and all other claims. This petition for review followed.

## DISCUSSION

**¶7** We review a superior court's ruling on a PCR petition for an abuse of discretion, which occurs if the "court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli,* 242 Ariz. 175, 180, ¶ 4 (2017). The petitioner bears the burden of establishing an abuse of discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). We will affirm the superior court's decision "if it is legally correct for any reason." *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶8** Petitioner first argues her conviction should be overturned because it was based on perjured information, prosecutorial misconduct, insufficient evidence, ineffective assistance of counsel, and violations of due process under Rule 33.1(a). But she does not explain why she failed to timely raise these issues when she had opportunities to do so in her first two PCR proceedings.

**¶9** The notice for a claim under Rule 33.1(a) must be raised "within 90 days after the oral pronouncement of [the] sentence." Ariz. R. Crim. P. 33.4(b)(3)(A). The court is required to excuse an untimely notice requesting PCR under Rule 33.1(a) "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D). Petitioner was sentenced in December 2022.

**¶10** The superior court found that Petitioner failed to timely file her first petition, which led to its dismissal in June 2023. As a result, the court determined that her Rule 33.1(a) claim was not filed within 90 days of the oral pronouncement of sentencing and was therefore untimely. The court also found that Petitioner did not establish that the untimely filing was not her fault; although she received documentation from the Arizona Department of Corrections regarding the time calculation of her sentence, this does not relate to any claims under Rule 33.1(a). On this record, the superior court did not abuse its discretion in denying relief on Petitioner's Rule 33.1(a) claim.

**¶11** Petitioner also raises a claim under Rule 33.1(h), which provides relief when "the defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish

that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Ariz. R. Crim. P. 33.1(h). Under Rule 33.1(h), an issue must be raised within a reasonable time and include an explanation for why it was not previously raised. Ariz. R. Crim. P. 33.1(h), 33.2(b)(1). For the same reasons provided under Rule 33.1(a), the superior court found all claims under Rule 33.1(h) were not filed within 90 days of the oral pronouncement of sentencing and were therefore untimely. The superior court did not abuse its discretion in denying relief on the Rule 33.1(h) claim.

¶12          As to Rule 33.1(d), Petitioner had an opportunity to explain why the "new" Department of Corrections information she received impacted her sentence in her second successive PCR, but she failed to file that petition, and the court dismissed the case as a result. Because she did not adequately raise the Rule 33.1(d) issue at that time, the superior court would have been justified in denying relief based on inadequate explanation as it did in its initial ruling. The superior court, however, found Petitioner adequately explained the reasons and addressed the merits of the claim in its ruling on Petitioner's motion for reconsideration.

¶13          Rule 33.1(d) requires a defendant to show that she "continues to be or will continue to be in custody after his or her sentence expired[.]" Ariz. R. Crim. P. 33.1(d). The superior court determined that the sentencing court correctly imposed the mandatory 17-month community supervision term under Arizona Revised Statutes § 13-603(I)-(J), and that the 17 months of community supervision does not impact when Petitioner may be released from incarceration. It further reasoned that even if Petitioner's arguments were correct, it would not entitle her to relief under Rule 33.1(d). But this was not Petitioner's argument in her PCR petition; instead, Petitioner appears to argue the superior court misapplied Section 41-1604.07(B)(2) in its imposition of sentence.

¶14          Specifically, Petitioner argued in her PCR petition, and argues in her petition for review before us, that the court's sentence effectively awarded her only one credit for every seven days served, rather than the required six days, resulting in an improper reduction of earned-release credits and an impermissible extension of her sentence. A defendant, however, cannot obtain relief under Rule 33.1(d) until she reaches a release date supported by sufficient credits because the director may still rescind credits based on the inmate's misconduct. *See State v. Harris*, No. 1 CA-CR 24-0416 PRPC, 2025 WL 338550, at *2, ¶ 11 (Ariz. Ct. App. Jan. 30, 2025). Petitioner's claim under Rule 33.1(d) is therefore premature and she is not entitled to relief. *Id.*

4

**CONCLUSION**

¶**15**         We grant review but deny relief.

